UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DELINE ECHOLS, individually and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>v.<br><br>CONGRESS COLLECTION, LLC, and John Does 1-25<br><br>    Defendants. | Case No.: 2:20-cv-12254-PDB-EAS<br>Hon. Judge Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANT CONGRESS COLLECTION, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

Defendant Congress Collection, LLC, through its undersigned counsel, Olson Law Group, files this Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

*Certification of Concurrence Efforts under E.D. Mich. LR 7.1(a)*

Undersigned counsel certifies that she communicated with opposing counsel to explain the nature of the relief sought and request concurrence in the requested relief, but the parties could not agree on the relief.

For the reasons set forth in the attached Brief in Support, Defendant Congress Collection, LLC, respectfully requests that this Honorable Court dismiss Plaintiff's

Complaint pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks Article III standing.

Dated: April 19, 2020　　　　　　　　Respectfully Submitted,

OLSON LAW GROUP

*/s/ Charity A. Olson*
Charity A. Olson P68295
P.O. Box 64
Hartland, MI 48353
Phone:　　(734) 255-6908
E-mail:　　colson@olsonlawpc.com

Attorneys for Defendant Congress Collection, LLC

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DELINE ECHOLS, individually and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>v.<br><br>CONGRESS COLLECTION, LLC, and John Does 1-25<br><br>    Defendants. | Case No.: 2:20-cv-12254-PDB-EAS<br>Hon. Judge Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

### DEFENDANT CONGRESS COLLECTION, LLC'S
### BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
### <u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)</u>

## I. Introduction

Plaintiff Deline Echols ("Plaintiff") alleges that Defendant, Congress Collection LLC ("Congress Collection"), violated the Fair Debt Collection Practices Act ("FDCPA") by mailing her a collection notice that violated 15 U.S.C. §§ 1692e and g. Echols' bizarre claim is based on the theory that inclusion of the statement, "[t]his account may be placed on your personal credit file and thus negatively impact your credit score if left unresolved[,]"– a clear statement of a truism[1] – could mislead a consumer regarding his or her right to request validation of, or dispute, the debt during the statutory period and was false, deceptive, and threatening as a matter of law.

For the reasons set forth below, Echols' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because she has not articulated any injury in fact sufficient to confer Article III standing.

## II. Statement of Facts

On or about June 16, 2020, Congress Collection sent Echols a collection letter regarding a debt that had been placed with it for collection. See ECF 1: *Complaint*,

---

[1] Congress denies that the statement violates the FDCPA in any way, but for purposes of this motion, limits its argument to Echols' lack of Article III standing. See, e.g., *Heredia v. Capital Mgmt. Servs.*, 942 F.3d 811, 816 (7th Cir. 2019) ("it is permissible for a creditor to make a 'may' statement if there is any possibility that an event might happen.").

4

at ¶ 26; and *Exhibit A* thereto. The face of the letter set forth the statutorily required debt validation notice and further stated, in relevant part, "[t]his account may be placed on your personal credit file and thus negatively impact your credit score if left unresolved." *Id.*, at ¶ 30. Echols alleges that the credit reporting statement is false and deceptive on its face, and coerces payment from the consumer through the threat of imminent credit reporting during the initial thirty-day validation period, in violation of 15 U.S.C. §§ 1692e and g.

Based on these allegations, alone, the complaint asserts that "Plaintiff has been damaged." *Id.*, ¶ 28-31. The Complaint contains no other allegations, whatsoever, regarding any injuries sustained by Plaintiff.

### III. Law and Argument

#### A. Article III Standing

"Not all disputes have a home in federal court." *Bucholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020). Article III, § 2 of the Constitution provides that the judicial power of the United States "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016) (quoting U.S. Const. Art. III, § 2). Standing "ensure[s] that federal courts do not exceed their authority" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* "This limitation checks the power of the judicial branch by confining it to resolving concrete disputes [], and checks

the power of the legislative branch by prohibiting it from using the judiciary as an adjunct to its own powers []." *Huff v. Telecheck Services, Inc.,* 923 F.3d 458, 461 (6th Cir. 2019) (citations omitted).

The "irreducible constitutional minimum of standing" requires the plaintiff to show three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

> [A] plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000). "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo,* 136 S. Ct. at 1547-48. With respect to statutory FDCPA violations, the Sixth Circuit has held that post-*Spokeo,*

> statutory violations . . . fall[] into two broad categories: (1) where the violation of a procedural right granted by statute is sufficient in and of itself to constitute concrete injury in fact because Congress conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest; and (2) where there is a "bare" procedural violation that does not meet this standard, in which case a plaintiff must allege "additional harm beyond the one Congress has identified." *Spokeo,* 136 S. Ct. at 1549.

*Macy v. GC Servs. Ltd. P'ship,* 897 F.3d 747, 756 (6th Cir. 2018).

6

Standing is a jurisdictional requirement. *See Coal Operators & Assocs., Inc. v. Babbitt,* 291 F.3d 912, 915 (6th Cir. 2002). If a plaintiff does not have standing, the court lacks subject-matter jurisdiction. *See Lyshe v. Levy,* 854 F.3d 855, 857 (6th Cir. 2017). When a court lacks subject-matter jurisdiction, it "cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998).

**B.   Echols Lacks Article III Standing Because She Has Not Sustained An Injury In Fact Traceable to the Statement**

Echols lacks standing because she has not alleged that she sustained any injury in fact or imminent risk of harm as a result of the credit reporting statement contained in the collection letter.

An injury in fact must be both "(a) concrete and particularized, …and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). Additionally, the fact that an injury may be particularized to Echols is not enough. *Spokeo,* 136 S. Ct. at 1548. Article III "requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549; see also *Bucholz*, 946 F.3d 855, 867 (6th Cir. 2020) ("A bare procedural violation, divorced from any concrete harm, cannot satisfy Article III's injury-in-fact requirement, even if the plaintiff has a statutory basis for litigating the claim in federal court." (internal citations omitted). In other words, *even if* the statement violates the FDCPA in some way, which Congress Collection

7

categorically denies, this would not be legally sufficient, on its own, to confer Article III standing on Echols.

First, Echols has not articulated any specific harm arising from her claims that the credit reporting statement overshadowed her rights or was false, misleading, or deceptive in any way. In the wake of *Spokeo*, the Sixth Circuit has repeatedly distinguished an "injury in law" from an "injury in fact":

> We know of no circuit court decision since *Spokeo* that endorses an anything-hurts-so-long-as-Congress-says it-hurts theory of Article III injury.
>
> \*\*\*
>
> As we have said before and repeat here, 'standing is not met simply because a statute creates a legal obligation," as in 1692e(11), and 'allows a private right of action for failing to fulfill this obligation,' as in 1692k(a)."

*Hagy v. Demers & Adams*, 882 F.3d 616, 622-623 (6th Cir. 2018) (citing *Lyshe*, 854 F.3d at 860 (6th Cir. 2017); *Wall v. Mich. Rental*, 852 F.3d 492, 495 (6th Cir. 2017); *Soehulen v Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016)).

Here, Echols has not plead anything close to such an injury: no forbearance, no reliance, no anxiety, no harm to her credit. Nothing. She does not, for example, allege that she paid the debt after reading the letter to avoid potential harm to her credit profile. She does not allege that she disputed and/or requested validation of the debt, or refrained from doing so, based on the statement. In fact, she does not allege that she would have acted any differently if the letter omitted the credit

8

reporting statement, much less, did act differently. She simply alleges, in conclusory fashion, that she has been "damaged" and nothing more. This is completely insufficient as a matter of law.

Likewise, Echols does not allege that Congress Collection created the risk of any imminent injury to her, either. Echols does not allege that Congress Collection demanded "immediate" payment. Echols does not and cannot allege that the debt was previously paid or was, otherwise, not due and owing to Congress Collection's client, thereby, putting her at greater risk of either (i) paying a debt that she did not owe or (ii) failing to exercise her dispute or validation rights within the statutory period. Echols does not even allege that she, in fact, paid the debt in lieu of lodging a dispute or requesting validation after receipt of the letter out of concern that her credit score might be damaged. Echols simply speculates that the credit reporting statement might "coerce" someone to waive their procedural rights and promptly pay a debt to avoid negative credit consequences, not that she was *actually* impacted in this fashion. To be sure, the risk that someone might pay a lawfully owed, past due debt owed to a creditor, sooner rather than later, to avoid negative credit consequences is speculative at best and does not constitute a concrete injury in any event.

The inescapable truth is that the statement had no actual effect on Echols at all. She was free to dispute and/or pay the debt or not, and elected not to do either

after receiving the collection letter. Indeed, the only action that Echols took was to swiftly file this lawsuit. But, as the Sixth Circuit has made clear, Article III of the U.S. Constitution does not authorize federal courts to decide theoretical questions. See, *Hagy* and *Buchholz*, *supra*.

At the end of the day, Echols needs to specifically actual harm or imminent risk of harm traceable to the statement to avoid dismissal of this action, which she has plainly failed to do. "If a claimant has not suffered a genuine harm or risk of harm, a federal court has no business entertaining [her] lawsuit." *Huff*, 923 F.3d at 465. Echols' Complaint does not satisfy these requirements, and must be dismissed for lack of subject matter jurisdiction.

## IV. Conclusion and Requested Relief

Echols has not alleged that she sustained an injury or imminent risk of harm traceable to the statement at issue. Without standing to bring these claims, on behalf of herself, or the putative class she seeks to represent, the Court must dismiss Echols' complaint for want of subject-matter jurisdiction. Therefore, Defendant Congress Collection, LLC respectfully requests that the Court (a) dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1); and (b) grant such further relief as is just and proper.

Dated: April 19, 2021	Respectfully Submitted,

OLSON LAW GROUP

*/s/ Charity A. Olson*
Charity A. Olson P68295
P.O. Box 64
Hartland, MI 48353
Phone:	(734) 255-6908
E-mail:	colson@olsonlawpc.com

Attorneys for Defendant Congress Collection, LLC

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TOMEKA ECHOLS, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>CONGRESS COLLECTION, LLC, and John Does 1-25<br><br>Defendants. | Case No.: 2:20-cv-12146-MAG-RSW<br>Hon. Judge Mark A. Goldsmith<br>Magistrate Judge R. Steven Whalen |

## **LOCAL RULE 5.1 AND 7.1(d)(3) CERTIFICATION(S)**

I, Charity A. Olson, certify that this document complies with Local Rule 5.1(a), including double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length pursuant to Local Rule 7.1(d)(3).

Dated: April 19, 2021             Respectfully Submitted,

OLSON LAW GROUP

*/s/ Charity A. Olson*
Charity A. Olson P68295
P.O. Box 64
Hartland, MI 48353
Phone:     (734) 255-6908
E-mail:     colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on April 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Charity A. Olson*
Charity A. Olson P68295